UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| ELIZABETH NARANJO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL NUTRITION CORP.,<br><br>Defendants.<br>_____/ | No. C 12-01680 LB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Elizabeth Naranjo filed this action in Alameda County Superior Court, alleging that Defendant General Nutrition Corporation ("GNC") violated state law wage-and-hour laws applicable to current and former GNC Store Managers and Senior Store Managers, including herself. Compl., ECF No. 1-2 at 14.[1] GNC removed the case to this court pursuant to 28 U.S.C. § 1332(d), alleging that this court had original jurisdiction under the Class Action Fairness Act ("CAFA") of 2005. Currently before the court is Naranjo's motion to remand the action to state court for failure to meet CAFA's amount in controversy requirement.

**I. FACTUAL AND PROCEDURAL HISTORY**

GNC is the world's largest specialty retailer of nutritional products, including vitamins,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

supplements, sports nutrition, diet, and energy products. ECF No. 1-2 at 16, ¶ 6. Plaintiff Elizabeth Naranjo formerly worked as a Senior Store Manager at a GNC store in Alameda, California. *Id.* at ¶ 5. Naranjo seeks to represent a class of current and former Store Managers and a subclass of Senior Store Managers of GNC's California stores. Naranjo alleges that beginning at least four years before the filing of the complaint on February 29, 2012, GNC failed to pay overtime wages (claim one), provide meal and rest periods or pay the class members for meal and rest periods when they were not relieved from duty (claims two and three), reimburse expenses (claim four), provide accurate wage statements (claim five), and pay the remaining wages earned by class members who were discharged or resigned (claim six), and violated California's unfair competition law (claim seven). ECF No. 1-2.

In the Jurisdiction and Venue section of the complaint, Naranjo alleges the following:

> [T]he individual claims of Plaintiff Naranjo and the members of the Class and Subclass as defined herein, including each putative Class Member's pro-rata share of the attorneys' fees and all other requested relief, are under the $75,000 jurisdictional threshold for federal court, and the aggregate claims, including attorneys' fees and all other requested relief, are less than the $5 million required to establish federal jurisdiction under the Class Action Fairness Act of 2005.

*Id.* at 17. The Prayer for Relief does not mention the amount in controversy. *See id.* at 33. Shortly after the complaint was filed, GNC removed the action to federal court. Notice of Removal, ECF No. 1-2 at 1. GNC's notice of removal alleges that the amount in controversy exceeds $5 million. *See id.* at 4, ¶ 16. In further support, GNC submits the declaration of Lorraine Reidy, a Human Resources Generalist employed by GNC. Reidy Decl., ECF No. 1-2 at 44, ¶ 1. According to Ms. Reidy, GNC operated an average of 228 stores in California during the class period and employed one Store Manager or Senior Store Manager per store. *Id.* at 45, ¶ 3. GNC thus assumes a class of 220. *Id.* at 6, ¶ 18. The weighted average hourly pay of Senior Store Managers and Store Managers during the class period was approximately $17.86. *Id.* at 45, ¶ 3. This figure includes commissions earned as well as base level wages. *Id.* Using Ms. Reidy's figures, GNC calculated that the amount in controversy of Naranjo's first through third and sixth causes of action, including attorneys' fees, was approximately $6.8 million. Notice of Removal, ECF No. 1-2 at 5-9. More specifically, for claim one, GNC assumed (based on allegations in the complaint) that each class

member worked "more than 8 hours a day on certain days, and more than 40 hours a week," and an approximate claim of 2.5 hours of overtime a week (one half-hour a day). *Id.* at 7, ¶ 20. They then multiplied the 2.5 hours at the $17.86 weighted average hourly rate for all 220 class members for a total unpaid overtime claim of $3,064,776.00. *Id.* For the unpaid meal breaks in claims two and three, they assumed two denied meal/rest periods per week, which they multiplied by the $17.86 weighted hourly rate and the 220 class members for a total of $1,634,547.20. *Id.* at 8, ¶ 22. Total waiting time penalties for claim six are estimated at $737,260.80 (172 terminated managers x $17.86 x 8 hours x 30 days). *Id.* at 9-10, ¶¶ 23-24. Attorneys' fees are statutorily available for claims one, two, three, and six, and using the Ninth Circuit's 25% benchmark as an estimate, GNC calculated fees of $1,359,146.00 (.25 x ($3,064,776.00 + $1,634,547.20 + $737,260.80)). *Id.* at 9, ¶ 25.

On May 3, 2012, Naranjo moved to remand the action to state court. Mot., ECF No. 9. On June 7, 2012, the parties appeared before this court for oral argument on that motion.

## II. LEGAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. Federal courts, however, are courts of limited jurisdiction. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, the removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under CAFA, federal district courts have original jurisdiction over class actions where (1) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs; (2) the class contains 100 or more putative class members; and (3) there is at least minimal diversity between the parties.[2] 28 U.S.C. §1332(d). "[U]nder CAFA the burden of establishing removal

---

[2] The amount in controversy seems to be the only jurisdictional issue the parties dispute.

jurisdiction remains, as before, on the proponent of federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Thus, GNC bears the burden to establish that this court has jurisdiction over Naranjo's claims.

The Ninth Circuit has identified three different burdens of proof that a removing defendant may have to meet with regard to the amount in controversy requirement; which burden applies depends on the plaintiff's allegations. *See Abrego Abrego*, 443 F.3d at 683. First, if the complaint alleges damages that are above the jurisdictional minimum, then CAFA's amount in controversy is presumptively satisfied unless it appears a legal certainty that the claim is actually lower than the jurisdictional minimum. *Id.* at 683 n.8. Second, where it is not clear from the face of the complaint whether the plaintiff seeks more or less than the amount in controversy, the party seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Id.* at 683. Third, where the complaint specifically alleges that the plaintiff seeks less than the jurisdictional minimum, the defendant can defeat a motion to remand only by proving to a legal certainty that the amount in controversy exceeds this amount. *Id*. (discussing the scenario without deciding the burden of proof). This "legal certainty" standard was first articulated with regard to CAFA cases in *Lowdermilk v. U.S. Bank National Ass'n.*, 479 F.3d 994, 999 (9th Cir. 2007). There, the Ninth Circuit held that where the plaintiff pleaded "damages 'in total, less than five million dollars,'" as well as attorneys' fees, the defendant would have to establish federal jurisdiction to a legal certainty. *Id.* at 997-98.

### III. DISCUSSION

**1. The Applicable Burden of Proof**

The parties disagree about the appropriate burden of proof that GNC needs to meet in order to avoid remand. GNC contends that the preponderance of the evidence standard is appropriate under the facts of this case, *see* ECF No. 10 at 4, while Naranjo argues for the legal certainty standard, *see* ECF No. 9 at 2. According to GNC, the holding in *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007), should guide this court's analysis. ECF No. 10 at 4. In *Guglielmino*, the Ninth

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1 Circuit held that the defendant could defeat a motion to remand by showing, by a preponderance of
2 the evidence, that the amount in controversy was greater than the jurisdictional minimum. 506 F.3d
3 at 700. There, the complaint alleged that the damages plus the value of the requested injunctive
4 relief failed to meet the jurisdictional minimum. *Id.* A close reading of the complaint, however,
5 showed that the complaint also sought attorneys' fees and penalties–categories of relief that are not
6 typically considered damages. *Id.* Because the complaint failed to specify the "total dollar amount
7 in controversy," the court held that the preponderance of the evidence standard applied. *Id.* at 701.

8     In this case, GNC argues that the court should follow the reasoning in *Guglielmino* for two
9 reasons. First, in *Guglielmino*, as in this case, "the complaint's Prayer for Relief made 'no
10 mention . . . of a total dollar amount in controversy.'" ECF No. 10 at 5 (quoting *Guglielmino*, 506
11 F.3d at 697); *see* ECF No. 1-2 at ¶¶ 58, 79, *et seq.* Second, like the plaintiffs in *Guglielmino*,
12 Naranjo seeks "multiple forms of relief including several forms of injunctive relief and statutory and
13 other penalties that do not comfortably fall within the realm of damages and which significantly add
14 to the amounts in controversy." ECF No. 10 at 6.

15     The court is not persuaded by either of GNC's arguments. First, the court agrees with the
16 reasoning in *Collins v. Guitar Center, Inc.*, that "*Guglielmino* does not stand for the proposition that
17 an effective disclaimer must appear in the prayer for relief." ECF No. 11 at 4 (quoting *Collins v.*
18 *Guitar Ctr., Inc.*, Nos. 09md2121, 10cv755-LAB (POR), 2010 WL 2682760, at *2 (S.D. Cal. July 2,
19 2010)). "Rather, it merely requires the complaint to be unambiguous as to the value of relief sought
20 before the 'legal certainty' standard will be applied." *Id.*; *see also Fletcher v. Toro Co.*, No. 08-CV-
21 2275 DMS WMC, 2009 WL 8405058, at *5-6 (S.D. Cal. Feb. 3, 2009) (same).

22     Second, unlike the plaintiff in *Guglielmino*, Naranjo does not omit categories of damages from
23 her allegation that the amount in controversy was less than $5 million. Specifically, Naranjo alleges
24 "that the individual claims . . . including each putative Class Member's pro-rata share of the
25 attorneys' fees and all other requested relief . . . and the aggregate claims, including attorneys' fees
26 and all other requested relief" are less than the amounts in controversy required to establish federal
27 jurisdiction under CAFA. ECF No. 1-2 at 17.

28 \\\

As Naranjo point out, she alleges clearly that the entire amount in controversy is less than the jurisdictional minimum. ECF No. 11 at 4. Thus, this case is much more like *Lowdermilk*, where the plaintiff specifically alleged that the amount in controversy was below the jurisdictional minimum. As a result, the court holds that GNC bears the burden to establish to a legal certainty that the amount in controversy is at least $5 million.

**2. GNC Fails to Satisfy the Legal Certainty Standard**.

The legal certainty standard sets "a high bar for a party seeking removal, but it is not insurmountable." *Lowdermilk*, 479 F.3d at 1000. The standard requires a defendant to produce enough "concrete evidence," allowing the court "to estimate with certainty the actual amount in controversy." *Id.* at 1001. The Ninth Circuit has repeatedly found that allegations based on unsupported assumptions fail to pass the test. *See id.* (burden not satisfied where defendant assumed the number of class members and the average damages per putative class member); *see also, Cifuentes v. Red Robin, Int'l, Inc.*, No. C-11-5635-EMC, 2012 WL 693930, at *4 (N.D. Cal. Mar. 1, 2012) (burden not satisfied where defendant assumed that all employees in the proposed class failed to receive timely wages and that all terminated employees failed to receive their final wages).

GNC has not met its burden because its analysis relies on numerous unsupported assumptions similar to those that the Ninth Circuit has repeatedly rejected. GNC attempts to calculate the amount in controversy for four of the claims asserted in the complaint, but the calculations are not sufficient.

First, GNC attempts to calculate the amount of overtime that it allegedly failed to pay, and values Naranjo's claim at just over $3 million. ECF No. 1-2 at 7, ¶ 20. But GNC's calculations assume that each putative class member worked 2.5 hours of overtime every week. *Id.* GNC bases this figure on the allegation that "Store Managers work 40-45 hours per week." ECF No. 10 at 9 (quoting ECF No. 1-2 at 18-19, ¶ 17). But courts in this circuit have expressly rejected the practice of using general allegations in a complaint as the basis for establishing the amount in controversy. *See, e.g., Cifuentes*, 2012 WL 693930, at *4 (stating that such assumptions are "not permissible under the legal certainty test") (citing *Fletcher*, 2009 WL 8405058, at *8 (amount in controversy not established by "taking as true the allegations in the complaint")). Moreover, the complaint only alleges that the putative class members worked overtime "during certain workweeks." ECF No. 1-2

at 22, ¶ 31. But GNC calculates overtime for every week during the class period. Altogether, the court finds that GNC has failed to establish to a legal certainty, or even a preponderance of the evidence, the amount in controversy for the unpaid overtime claim.

Second, GNC's calculations of the amount in controversy for failure to provide meal and rest breaks to the Senior Store Managers also are based on unsupported assumptions. For example, GNC assumes that each putative class member will claim that GNC failed to provided them with a proper meal or rest period on two occasions per week. ECF No. 1-2 at 8, ¶ 22. GNC arrives at this figure "[b]ased on Plaintiff's allegation that GNC 'routinely'" denied employees meal or rest periods. ECF No. 1-2 at 8, ¶ 22; ECF No. 10 at 9.

Finally, GNC also fails to support its calculation for failure to timely pay wages at separation. Because the complaint alleges that GNC "consistently" failed to pay timely wages at separation, GNC assumes that all of the 172 Store Managers and Senior Store Managers it terminated during the class period were harmed. *Id.* at 8-9, ¶ 24. But GNC provides no support for this assumption, which it admits is "based solely on the allegations of the Complaint and the sworn testimony of Ms. Reidy." ECF No. 10 at 10.

In sum, GNC has failed to demonstrate that the amount in controversy is greater than $5 million under either the preponderance of the evidence or the legal certainty standard. Therefore, removal was improper and the court must grant Naranjo's Motion to Remand.

### IV. CONCLUSION

The court GRANTS Naranjo's motion to remand. This case is REMANDED to the California State Superior Court in Alameda County. The clerk shall forward the file.

This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: June 11, 2012

LAUREL BEELER
United States Magistrate Judge

C 12-01680 (LB)
ORDER

7